

SO ORDERED.

SIGNED this 13th day of February, 2014.



Robert E. Nugent
United States Chief Bankruptcy Judge

DESIGNATED FOR ONLINE PUBLICATION BUT NOT PRINT PUBLICATION

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| IN RE: | ) | |
| ANGELA KAY MYERS, | ) | Case No. 11-12155 |
| | ) | Chapter 7 |
| Debtor. | ) | |
| IN RE: | ) | |
| MARK ANDREW HOBSON, | ) | Case No. 11-12156 |
| ELAINE MICHELLE HOBSON, | ) | Chapter 7 |
| Debtors. | ) | |
| IN RE: | ) | |
| KYLE LYNN ROBERTS, | ) | Case No. 12-10752 |
| HEATHER MARIE ROBERTS, | ) | Chapter 7 |
| Debtors. | ) | |

1

# REPORT AND RECOMMENDATION
# ON CHAPTER 7 TRUSTEE'S MOTION TO WITHDRAW REFERENCE

In these three cases, the debtors claimed a portion of their earned income tax credit for the tax year 2011 exempt under KAN. STAT. ANN. § 60-2315 (2012 Supp.). This much-litigated provision exempts a debtor's right to receive an earned income credit (EIC), but only if the debtor is a debtor in a bankruptcy case. The federal constitutionality of this provision has been upheld by me, by Judge Karlin, by District Judge Marten, and by the Bankruptcy Appellate Panel for the Tenth Circuit.[1] Those cases resolved trustees' constitutional challenges to the state exemption on a number of grounds, including whether it ran afoul of the Supremacy Clause, the Uniformity Clause, and other provisions of the U.S. Constitution. No bankruptcy trustee has yet asserted that the provision offends the Equal Protection Clause of the federal Constitution.[2] The bankruptcy trustee in the current cases instead alleges that this statute violates the Uniformity Clause found in Article 2, Section 17 of the Kansas Constitution which provides that "All laws of a general nature shall have a uniform operation throughout the state …."

The parties here join in asking that the reference of this matter be withdrawn by the District Court so that it may certify the question of the exemption statute's

---

[1] *In re Westby*, 473 B.R. 392 (Bankr. D. Kan. Apr. 4, 2012) (Karlin, J.), *aff'd* 486 B.R. 509 (10th Cir. B.A.P. Feb. 4, 2013) (Michael, J.), *appeal dismissed* No. 13-3044 (10th Cir. Mar. 29, 2013); *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases*, 477 B.R. 791 (Bankr. D. Kan. Aug. 2, 2012) (Nugent, J.), *aff'd* 2013 WL 4431267 (D. Kan. Aug. 16, 2013) (Marten, J.).

[2] In the *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases* litigation before this Court, a different trustee initially raised an equal protection challenge in her objection to the exemption, but the trustees in those proceedings abandoned this ground when they failed to brief the argument. 477 B.R. at 806-07.

2

validity to the Kansas Supreme Court.³ In defense of the bankruptcy-only exemption statute, the intervener State of Kansas argues that the statute is in fact constitutional and that only the Kansas Supreme Court may interpret the Kansas Constitution. But questions of law should only be certified to the Kansas Supreme Court where there is no controlling authority from that Court that bears on the issue. That is not the case here. As such, withdrawal of the reference would serve no purpose. Accordingly, I recommend that the District Court deny the request and permit this Court to determine whether the exemption is valid and applicable in these cases.⁴

Withdrawal of Reference

The Trustee's motion is brought as one for permissive withdrawal for cause under 28 U.S.C. § 157(d) and for discretionary abstention under 28 U.S.C. § 1334(c)(1).⁵ He contends that cause exists under D. Kan. Rule 83.8.6(a)(1) [interest of comity with state courts or respect for state law to exercise discretionary abstention] and (a)(6) [other specified cause].⁶ Note, though that this matter bears directly on the degree and extent of the property of the estate and is fundamentally a core

---

³ These cases are submitted on stipulated facts and the Trustee's motion to withdraw the reference for cause to enable the District Court to certify the state constitutional question to the Kansas Supreme Court. *See In re Myers,* Case No. 11-12155, Dkt. 60. Neither debtors nor the intervener State of Kansas object to withdrawal of the reference for the purpose of certifying a state constitutional challenge, but the State of Kansas defends the constitutionality of the state bankruptcy-only exemption.
⁴ D. Kan. 83.8.6(f) provides that the bankruptcy court submit a written recommendation on the motion to the district court.
⁵ *See also* Fed. R. Bankr. P. 5011 and D. Kan. Rule 83.8.6(a).
⁶ The Trustee does not specify a "cause" under (a)(6) that differs much in substance from permissive abstention incorporated in (a)(1), other than the alleged inability of the bankruptcy court to certify the constitutional question. That "cause" for withdrawal of the reference is addressed in the next section.

3

proceeding, a fact which the Trustee concedes.[7] Only in the most unusual event would the District Court consider withdrawal of the reference to determine whether an exemption applies in a particular case.[8] The fact that the bankruptcy court is determining application of a state law exemption statute is alone insufficient by itself to warrant withdrawal of the reference, because allowing exemptions is intrinsically connected to a debtor's bankruptcy case.[9] Indeed, KAN. STAT. ANN. § 60-2315, enacted in 2011, has no application outside of a bankruptcy proceeding and would be unlikely to ever arise in a state court proceeding.[10] Judicial economy and uniform bankruptcy administration is best served by having the bankruptcy court determine the validity of the bankruptcy-only exemption at issue in this case. Numerous bankruptcy courts have determined the constitutionality of state law bankruptcy specific exemptions

---

[7] See Dkt. 60, p. 5, ¶ 15; 28 U.S.C. § 157(b)(2)(B). See also 11 U.S.C. § 522(l); *Schwab v. Reilly*, 560 U.S. 770, 130 S.Ct. 2652, 177 L.Ed. 2d 234 (2010) (All of a chapter 7 debtor's assets become property of the bankruptcy estate except that property which a debtor claims exempt).

[8] Use of the "for cause shown" test in 28 U.S.C. § 157(d) indicates that Congress intended to have bankruptcy proceedings adjudicated in the bankruptcy court unless a contravening interest requires withdrawing the reference. See *In re American Community Services, Inc.*, 86 B.R. 681, 686 (D. Utah 1988) citing *In re DeLorean Motor Co.*, 49 B.R. 900, 912 (Bankr. E.D. Mich. 1985). See also *Matter of Edward Pirsig Farms, Inc.*, 47 B.R. 376 (D. Minn. 1984) (constitutional challenge to lien avoidance statute § 544, did not require withdrawal of reference); *In re Coe-Truman Technologies, Inc.*, 214 B.R. 183 (N.D. Ill. 1997) (Most important factor to consider is determining whether discretionary withdrawal of the reference is appropriate is whether the proceeding sought to be withdrawn is core or noncore).

[9] *Cf. Stern v. Marshall*, 131 S. Ct. 2594, 2611-15 (2011) (state law tortious interference counterclaim that existed independent of any bankruptcy proceeding required adjudication by an Article III court that could enter a final judgment). See also *In re Security Bank Corp.*, 2010 WL 2464966 (M.D. Ga. 2010) (refusing to withdraw the reference of a proceeding to determine whether a $17 million tax refund was property of the estate; the proceeding was core and consideration of non-bankruptcy tax law did not warrant withdrawal.).

[10] See *Container Recycling Alliance v. Lassman*, 359 B.R. 358, 360 (D. Mass. 2007) (Withdrawal of reference is an exception to the general rule that bankruptcy proceedings should be adjudicated in the bankruptcy court and power to withdraw should be used only when it is essential to preserve a higher interest.)

4

under their applicable state constitution.[11] Given the discretionary nature of withdrawal and abstention in these cases, I submit that the District Court should allow this Court to retain and decide this matter, giving due respect for controlling Kansas law regarding Art. 2, § 17 of the Kansas Constitution to guide its determination.[12]

Certification of Questions of Law, KAN. STAT. ANN. § 60-3201, et seq.

Kansas has adopted that Uniform Certification of Questions of Law Act.[13] The statutes provide that the Kansas Supreme Court may answer legal questions certified to it by the Supreme Court of the United States, a federal court of appeal, a United States district court, or an appellate court from a sister state.[14] It does not specifically authorize bankruptcy courts to certify questions to the Kansas Supreme Court. Indeed, one bankruptcy court concluded that without express authority to certify, it

---

[11] *See In re Joyner,* 489 B.R. 292 (Bankr. S. D. Ga. 2012) (Georgia's bankruptcy specific exemption in the cash value of life insurance policies did not violate the equal protection clause of the Georgia Constitution.); *In re McFarland,* 481 B.R. 242 (Bankr. S.D. Ga. 2012) (accord); *In re Holt,* 894 F.2d 1005 (8th Cir. 1990) (Arkansas exemption statute for proceeds of life, health, accident and disability insurance was unconstitutional where it was in direct conflict with $500 limitation imposed by Arkansas Constitution); *In re Foster,* 168 B.R. 183 (Bankr. S. D. Ind. 1994) (Indiana exemption statute regarding IRAs, as amended, did not violate Indiana Constitution, Art. 1, § 22 regarding debtor's right to exempt a reasonable amount of property.); *In re Butcher,* 189 B.R. 357 (Bankr. D. Md. 1995) (Maryland statute exempting monies payable to debtors due to personal injury claims did not violate reasonableness requirement of Maryland Constitution protecting debtor's property from execution).
[12] The intervener cites *Michigan v. Long,* 463 U.S. 1032, 1041, 103 S. Ct. 3469, 77 L.Ed. 2d 1201 (1983) for the proposition that only state courts may interpret their state constitutions. The facts of *Michigan v. Long,* a criminal case, have no bearing on the issue before this Court and in any event, this Court has available to it Kansas Supreme Court precedent as to the meaning and application of the uniformity clause of the Kansas Constitution. The bankruptcy court is not seeking to interpret the Kansas Constitution but instead, to apply the legal principles set forth in the Kansas uniformity cases to the Kansas bankruptcy exemption statute.
[13] KAN. STAT. ANN § 60-3201-3212 (2005).
[14] § 60-3201.

5

would retain and decide the constitutionality of a state law exemption for itself.[15] It is not clear that if a legal question is to be certified, the reference must be withdrawn.

In 28 U.S.C. § 151 Congress declared that bankruptcy courts shall constitute "a unit" of the district court and that bankruptcy judges are deemed to be a "judicial officer of the district court."[16] Citing § 151, at least one bankruptcy court has concluded that it has the power to certify a question of law to its state supreme court.[17] Thus, there is arguably authority for this Court to certify a question of law to the Kansas Supreme Court, mooting the Trustee's motion to withdraw the reference.

Even if the District Court withdraws the reference, it must conclude that "there is no controlling precedent in the decisions of the supreme court and the court of appeals of this state" to certify the question.[18] Here, while there is no case that specifically addresses the Kansas constitutionality of § 60-2315, there are many Kansas cases that interpret and apply the Uniformity Clause of the Kansas Constitution and state the controlling legal principles to which this Court is bound. In addition, having heard and decided the federal constitutional challenges to the Kansas earned income tax credit exemption, this Court is already intimately familiar with both the exemption statute and the constitutional arguments, including the

---

[15] *In re Butcher,* 189 B.R. 357, 364 (Bankr. D. Md. 1995).
[16] *See Badami v. Sears (In re AFY, Inc.),* 461 B.R. 541, 546-47 (8th Cir. BAP 2012) ("While the bankruptcy court typically functions as a separate court, for jurisdictional purposes, it is not a court apart from the district court. . . . whatever jurisdiction Congress vested in the district court, has now been referred to the bankruptcy court.")
[17] *See In re Sterling Mining Company,* 415 B.R. 762, 768 (Bankr. D. Idaho 2009) *citing JP Morgan Chase Bank, N.A. v. Cougar Crest Lodge, LLC (In re Weddle),* 2006 WL 3692425 at *2 and n. 8 (Bankr. D. Idaho. Dec. 12, 2006).
[18] § 60-3201.

6

Uniformity Clause of the U.S. Constitution and concepts such as geographic uniformity.[19] Those concepts are not unsettled under Kansas law nor novel to the Kansas Constitution. As noted by the federal district court in *Marzolf v. Gilgore:*

> "The decision to certify rests in the sound discretion of the federal district court." *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990) (*quoting Lehman Bros. v. Schein*, 416 U.S. 386, 391, 94 S. Ct. 1741, 1744, 40 L.Ed. 2d 215 (1974)). Furthermore, "certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex. Cam., Inc.*, 843 F.2d 406 (10th Cir. 1998).
>
> "If a district court or court of appeals believes that it can resolve an issue of state law with available research materials already at hand, and makes the effort to do so, its determination should not be disturbed simply because the certification procedure existed but was not used." *Lehman Bros. v. Schein*, 416 U.S. 386, 395 . . .[20]

These certification principles were applied in *In re Medill,* a case where the chapter 7 trustee objected to debtors' claim of exemption of a personal injury action and asserted that the exemption violated the Minnesota Constitution.[21] The debtors

---

[19] The Supreme Court has spoken on geographic uniformity under the federal Constitution and the Kansas Supreme Court has addressed it under the Kansas Constitution. *See In re Agriprocessors, Inc.*, 479 B.R. 835, 848 (Bankr. N.D. Iowa 2012) (No basis existed for bankruptcy court to order parties to file request for withdrawal of reference of fraudulent and preferential transfer claims; bankruptcy court's familiarity with case, related adversary proceedings, and preference and fraudulent transfer actions strongly weighed against any need for withdrawal of reference.).

[20] 924 F. Supp. 127, 129 (D. Kan. 1996). *See also In re Sterling Min. Co.*, 415 B.R. 762, 767-68 (Even where state law is unsettled or has not directly addressed an issue of law, certification is not mandatory; bankruptcy court could apply the "holdings and principles articulated in the Idaho cases and the state's statutes and rules" to the facts); *In re Touch America Holdings, Inc.*, 401 B.R. 107, 119-20 (Bankr. D. Del. 2009) (federal court, in deciding whether to certify issues to state court, may consider existence of sufficient sources of state law, such as statutes and judicial decisions to allow a principled, rather than a conjectural, conclusion; declining to certify issues to Montana Supreme Court).

[21] 119 B.R. 685 (Bankr. D. Minn. 1990).

7

sought to have the bankruptcy court certify the constitutional issue to the Minnesota Supreme Court.[22] In declining to certify, the bankruptcy court reasoned:

> . . . its use should be confined largely to instances where the state supreme court has never addressed the dispositive issue . . .
>
> The constitutional issues at bar are certainly determinative of the Trustee's objection to Debtors' claim of exemption. To be sure, the Minnesota Supreme Court has never ruled on the constitutionality of subd. 22. However, in a long line of cases applying art. 1, § 12 to various exemption statutes enacted by the Minnesota state legislature, that line commencing almost with the advent of statehood and extending through . . . (1989), the Minnesota Supreme Court has announced and refined an analysis which provides ample guidance to this Court. The published history of the framing of the Minnesota state constitution also sheds light on the questions posed. The lines of authority for the present inquiry are settled, and certification is not warranted.[23]

So too, here, there exists a body of Kansas Supreme Court case law interpreting Art. 2, § 17 of the Kansas Constitution from which this Court may decide the validity of the Kansas bankruptcy-only exemption. For all of these reasons, it is my recommendation that the request for certification to the Kansas Supreme Court be denied.

Uniformity under the Kansas Constitution, Art. 2, §17.

Article 2, section 17 of the Kansas Constitution provides—

All laws of a general nature shall have a uniform operation throughout the state: *Provided,* The legislature may designate areas in counties that have become urban in character as "urban areas" and enact special laws giving to any one or more of such counties or urban areas such powers

---

[22] The Minnesota version of the Uniform Certification of Questions of Law Act expressly authorized a bankruptcy court to certify questions of law to the Minnesota Supreme Court. 119 B.R. at 688.
[23] 119 B.R. at 688.

8

of local government and consolidation of local government as the legislature may deem proper.[24]

This provision has been amended several times since the Constitution was first adopted in 1861. It initially contained two provisions, the first relating to "laws of a general nature" and the second prohibiting the Legislature from enacting a "special "law" where a general law can be made applicable. The Kansas Supreme Court distinguished between laws of a general nature and general laws defining the former as a law "whose subject is common to all of the people of the state" and the latter as "which apply to and operate uniformly upon all members of any class of persons, places, or things, by requiring legislation peculiar to themselves in the matters covered by the laws."[25]

The second clause was repealed, leaving only the "laws of a general nature" reference. As the Kansas court has said in *Stephens v. Snyder Clinic Ass'n*, "[t]he effect of this change is that the only prohibition contained in Article 2, Section 17, relates to laws of a general nature which affect the people of the state generally. Such laws must apply uniformly throughout the state and thus be geographically uniform."[26] The court held in that case, and has thereafter reaffirmed, that this provision of the Kansas constitution does not

---

[24] KAN. CONST. Art. 2, § 17.
[25] *Stephens v. Snyder Clinic Ass'n,* 230 Kan. 115, 124, 631 P.2d 222 (1981) (quoting from *Richardson v. Board of Education,* 72 Kan. 629 (1906)).
[26] *Stephens,* 230 Kan. 115, 127.

9

apply to challenges based on denial of equal protection that do not involve a claim of geographical uniformity.[27]

**The Trustee's Uniformity Challenge is Not Based on Geography**

The Trustee does not allege that Kan. Stat. Ann. § 60-2315 applies differently in different parts of Kansas. Instead, he asserts that its operation unfairly burdens the creditors of bankrupt debtors who avail themselves of this exemption while allowing the creditors of non-bankrupt debtors access to those debtors' EIC. But, as the *Stephens* case shows, Art. 2, §17 doesn't apply to this alleged lack of uniformity.

There is already controlling Kansas Supreme Court case law on how to apply Art. 2, §17 and that case law is easily applied to this situation. As the "wrong" of which the Trustee complains is not "geographical," this constitutional provision does not apply. Accordingly, there is no basis for certifying this already-answered question to the Kansas Supreme Court and, therefore, no reason to withdraw the reference from this Court.

The Trustee cannot likely demonstrate that this "law of a general nature" operates in a non-uniform fashion. As I stated in *In re Lea*, it is anything but clear that a Kansas creditor of a non-bankrupt debtor would receive any more of the EIC benefit than would a trustee constrained by this statute.[28] All that KAN. STAT. ANN. § 60-2315 exempts is the "right to receive

---

[27] *Id. See also Board of County Com'rs of Riley County v. City of Junction City,* 233 Kan. 947, 958, 667 P.2d 868 (1983); *State ex rel. Stephan v. Smith,* 242 Kan. 336, 381-83, 747 P.2d 816 (1987).
[28] *In re Earned Income Tax Credit Exemption Constitutional Challenge Cases (In re Lea),* 477 B.R. 791, 800 (Bankr. D. Kan. 2012), *aff'd* 2013 WL 4431267 (D. Kan. Aug. 16, 2013).

10

tax credits." A creditor of a non-bankrupt Kansas debtor could only attach the proceeds of the EIC in the hands of the debtor once she had received them. That creditor could not, for instance, garnish the funds in the hands of the Internal Revenue Service or the Kansas Department of Revenue because those entities are authorized by statute to only pay refunds to the taxpayer, not to creditors.[29] The Trustee will receive exactly what a creditor outside bankruptcy in Kansas would receive from the debtor's "right to receive" the EIC: nothing.

I therefore recommend that the Trustee's motions to withdraw the reference in these three cases be denied and that the District Court order the Bankruptcy Court to retain the reference of these matters for further decision. For the District Court's convenience, a copy of the Trustee's Motion to Withdraw the Reference, as well as his objection to debtors' exemption, are attached to this Report and Recommendation.[30]

### 

---

[29] *See Brockelman v. Brockelman,* 478 F. Supp. 141 (D. Kan. 1979) (creditor's garnishment of tax refund in hands of IRS was barred by sovereign immunity, citing *Buchanan v. Alexander,* 45 U.S. 20, 11 L. Ed 857 (1846)); 26 U.S.C. § 6402; KAN. STAT. ANN. §§ 75-6204, -6203, -6216 and 79-3233j (2011 Supp.).
[30] No. 11-12155, Dkt. 44, 60.

11