IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

IN RE: )
) Case No. 14-1054-EFM
KYLE LYNN ROBERTS, )
and HEATHER MARIE ROBERTS, )
)
Debtors. )
_____)

MEMORANDUM AND ORDER

This bankruptcy case comes before this Court on the Trustee's Motion to Withdraw Reference (to the Bankruptcy Court) and Transfer Proceedings to the District Court[1]. The Trustee's Motion is brought so that the District Court may certify to the Kansas Supreme Court the question of the constitutional validity of K.S.A. § 60-2315 (2012 Supp.). United States District Courts are authorized to certify legal questions of state law to the Kansas Supreme Court for its resolution by K.S.A. §§ 60-3201-3212. Arguably, United States Bankruptcy Courts may not be so authorized. Believing that disputes surrounding K.S.A. § 60-2315 requires resolution by the state's high court, the Trustee accordingly moves this Court to withdraw the reference of these cases to the United States Bankruptcy Court. The Trustee clearly indicates that the purpose for the withdrawal is so that the questions regarding K.S.A. § 60-2315 may be certified to the Kansas Supreme Court by the United States District Court. The Bankruptcy Court has issued a Report and Recommendation that the motion to withdraw the reference be denied, and that the Bankruptcy Court be ordered to retain the reference for further decision on all matters in this case, including presumably the subject matter of the Trustee's motion.

---

[1] There are three cases before the United States Bankruptcy Court, and Judge Nugent issued one Report & Recommendation for all three cases. When these three cases were then remanded to the U.S. District Court each was assigned a case number and a different judge (14-1052-MLB; 14-1053-JTM; & 14-1054-EFM). This Order addresses the case before the undersigned.

The Trustee's motion argues, with reference to the standards for district court abstention pursuant to 28 U.S.C. § 1334(c)(1), that state law issues predominate, although the application of this particular state law can arise only in a federal bankruptcy proceeding. He argues that withdrawal and certification is appropriate due to the 'difficulty or unsettled nature of the applicable state law," but this Court is not persuaded that the issue is either difficult or unsettled. He also relies on the feasibility of severing the state law claims and the presence of nondebtor parties in the proceeding.

The Bankruptcy Court's R&R demonstrates that these issues are neither unique to Kansas, nor unaddressed, nor difficult. The issue sought for certification addresses what is fundamentally a core bankruptcy proceeding, and has been consistently resolved by two Kansas Bankruptcy Judges, one Kansas federal District Judge, and the Bankruptcy Appellate Panel for the Tenth Circuit.

The Court adopts the United States Bankruptcy Court's Report and Recommendation that the Trustee's Motion to Withdraw Reference in this case be denied, and that the Bankruptcy Court retain the reference for this matter for further decision.

**IT IS THEREFORE ORDERED** that the Report and Recommendation of the United States Bankruptcy Court for the District of Kansas (Doc. 3) is **ADOPTED**.

**IT IS FURTHER ORDERED** that the Trustee's Motion to Withdraw Reference and Transfer Proceedings to the District Court (Doc. 1) is **DENIED**.

**IT IS SO ORDERED**.

Dated this 11th day of March, 2014.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE